IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| : | 04-10349-DPW |
| v. : | |
| : | |
| DIONISION TEJEDA-ORTIZ a/k/a : | |
| ALCIBIADO CORDERO, a/k/a : | |
| EDUARDO ROSA a/k/a : | |
| SAMUEL CRUZ, a/k/a : | |
| PABLO TEJEDA : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

The United States, by and through its attorneys, Michael J. Sullivan, United States Attorney for the District of Massachusetts and Nadine Pellegrini, Assistant U.S. Attorney, hereby file this Response to Defendant's Sentencing Memorandum as follows:

1. The indictment charged a violation of 8 U.S.C. §1326(a)(1) and (b)(2), placing the Defendant on notice that the statutory maximum for the crime to which he pled guilty is twenty years.

2. The fact of a prior conviction as a sentencing enhancement need not be alleged within indictment nor admitted to by Defendant.

3. <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998) has not been overruled by the Supreme Court.

**I. Defendant's Prior Conviction for Aggravated Felony Can Be Properly Considered By the Court**

Essentially, all of the Defendant's arguments regarding the use of his prior convictions as sentencing enhancements are based upon the same faulty premise: that United States v. Booker, 125 S.Ct. 738 (2005); Shepard v. United States, 125 S.Ct. 1254 (2005); and Blakey v. Washington, 124 S.Ct. 2531 (2204), require the pleading of a prior conviction within the Indictment and the submission to the jury on the issue if the Defendant does not admit to his prior record. This is simply not the law at this time.

While the First Circuit has not spoken directly to this issue within the context of violations of 8 U.S.C. §1326(a), it has not been silent on the issue:

> The rational of *Apprendi* and therefore of *Blakey* simply does not affect sentence-enhancement provisions premised upon a defendants' prior criminal convictions. United States v. Stearns, 387 F.3d 104, 107(1st Cir. 2004), cert. denied, _-_U.S. -, 125 S.Ct. 1614; United States v. Moore, 286 F.3d 437, 51 (1st Cir 2002). See generally *Almendarez-Torres v. United States*, 523 U.S. 224 (1998) (explaining that prior offense need not be alleged in an indictment nor put before a jury.) **In the roiled wake of Booker, it remains the law that previous criminal convictions are not "facts" that must be found by a jury and proved beyond a reasonable doubt.** See United States v. Lewis, 406 F.3d 11, 21 n. 11 (1st Cir. 2005.)
>
> United States v. Work, 409. F.3d 484, 491, n. 1 (2005)(emphasis added).

**II. A Sentencing within the Applicable Guideline Range is Appropriate**

Defendant requests that the court consider a term of incarceration below the advisory guideline range.  Defendant points to his term of state incarceration prior to his federal custody, to other sentences for the same crime, and to the fact that he received an additional two criminal history points.

The government had previously agreed to recommend the low end of the applicable range and will continue in that recommendation. Defendant's course of conduct since he illegally entered the United States in 1990 has been to ignore the orders of the courts and to evade detection by providing false information and by absconding.  In 1993, after his arrest on state drug charges, he claimed his true name was "Alcibiado Cordero" with a false date of birth.  After his release, he failed to appear before the Immigration Judge.  After being located again in 1995, he was deported on May 11, 1995 under the Cordero name.  Less than nine months later, not only was he back in the United States, but he was back in state custody having been convicted of a drug charge on February 5, 1996. Defendant lied again by claiming that he entered the U.S. in 1995 as a visitor.

Defendant was deported again on March 14, 1997. In 2002, the Defendant was arrested under the name of Eduardo ROSA for drug charges. Before the ICE detainer could be placed upon him, he defaulted after his release on the state charges. Finally, the Defendant was arrested in 2004 using yet another false name.

There is nothing in this course of conduct which would indicate that the Defendant should be sentenced to something less than the applicable guideline range.  Similarly, there is nothing in a sentence within the guideline range which is contrary to the purposes of sentencing as set forth in 18 U.S.C. §3553(a).

                          Respectfully submitted,

                          MICHAEL J. SULLIVAN
                          United States Attorney

               By:  /s/Nadine Pellegrini
                    Nadine Pellegrini
                    Assistant U.S. Attorney

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by electronic filing:

                Martin F. Murphy, Esq.
                155 Seaport Boulevard
                Boston, MA    02210

This 5th day of October, 2005.

                          /s/Nadine Pellegrini
                          Nadine Pellegrini
                          Assistant U.S. Attorney